| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:20CR 53 -1 |
| | : | |
| v. | : | |
| | : | |
| MICHAEL DANIEL THALLER | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and the defendant, MICHAEL DANIEL THALLER, in his own person and through his attorney, Samuel J. Randall, IV, and state as follows:

1. The defendant, MICHAEL DANIEL THALLER, is presently charged in a Bill of Information in case number 1:20CR\_\_\_\_-1, which charges him with a violation of Title 21, United States Code, Section 843(b), use of a communication facility in the commission of a felony.

2. The defendant, MICHAEL DANIEL THALLER, will enter a voluntary plea of guilty to the Information herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, MICHAEL DANIEL THALLER, understands that the maximum term of imprisonment provided by law for the Information

herein is not more than four years, and the maximum fine for the Information is $250,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, MICHAEL DANIEL THALLER, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

        b.    The defendant, MICHAEL DANIEL THALLER, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than one year after imprisonment, pursuant to Title 18, United States Code, Section 3583.

        c.    The defendant, MICHAEL DANIEL THALLER, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when

2

sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

  d. The defendant, MICHAEL DANIEL THALLER, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, MICHAEL DANIEL THALLER, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, MICHAEL DANIEL THALLER, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

3. By voluntarily pleading guilty to the Information herein, the defendant, MICHAEL DANIEL THALLER, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself,

to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, MICHAEL DANIEL THALLER, is going to plead guilty to the Information herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. It is understood that if the Court determines at the time of sentencing that the defendant, MICHAEL DANIEL THALLER, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

b. The defendant, MICHAEL DANIEL THALLER, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant,

4

MICHAEL DANIEL THALLER, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

6.  With regard to forfeiture, the United States and the defendant, MICHAEL DANIEL THALLER, agree as follows:

a.  The defendant, MICHAEL DANIEL THALLER, knowingly and voluntarily consents and agrees to forfeit to the United States any and all interest in property, real or personal, which constitutes or is derived from proceeds traceable to, or obtained directly or indirectly as a result of, the offenses to which he is pleading guilty, including but not limited to the following:

1.  <u>386 Fox Street, SW, Concord, North Carolina, 28025</u>

All right, title, and interest in and to that certain tract or parcel of land known as 386 Fox Street, SW, Concord, North Carolina, 28025, in the City of Concord, No. 12 Township, Cabarrus County, North Carolina, with all appurtenances and improvements thereon, owned by MICHAEL DANIEL THALLER pursuant to a deed recorded at Book 11808, Page 339 of the Cabarrus County Registry, and more particularly described as follows:

> LYING and being in Ward No. 4 of the City of Concord, on the West side of Fox Street, and being Lot No. 19 as shown on a plat of the First Division of the property of Cline Investment Co. of Concord, recorded in Map Book 16, page 38 in the Office of the Register of Deeds for Cabarrus County and being more particularly described

5

as follows:

> BEGINNING at a stake, front corner of Lots Nos. 18 and 19 in the West edge of Fox Street, and runs thence with the line of Lot No. 18, NB. 80-04 W. 115.57 feet to a stake, rear corner of Lots Nos. 18 and 19 in the line of Lot No. 2; thence with the line of Nos. 2 and 1, S. 08-00 W. 50 feet to a stake, rear corner of Lots Nos. 19 and 20 in the line of Lot No. 1; thence with the line of Lot No. 20, S. 80-04 E. 115.57 feet to a stake, front corner of Lots Nos. 19 and 20 in the West edge of Fox Street; thence with the West edge of Fox Street, No. 08-00 E. 50 feet to the point of BEGINNING.

2. <u>531 Allison Street, Concord, North Carolina, 28025</u>

All right, title, and interest in and to that certain tract or parcel of land known as 531 Allison Street, Concord, North Carolina, 28025, in the City of Concord, No. 12 Township, Cabarrus County, North Carolina, with all appurtenances and improvements thereon, owned by MICHAEL DANIEL THALLER pursuant to a deed recorded at Book 11564, Page 160 of the Cabarrus County Registry, and more particularly described as follows:

> LYING and being in Ward No. 5 of the City of Concord, Cabarrus County, North Carolina on the West side of Allison Street, adjoining the property of Franklin J. Bratton, Wadsworth Addition, and Allie K. Currin and is more particularly described as follows:
>
> BEGINNING at an iron stake on the western edge of Allison Street, corner of Frank J. Bratton (said stake being N. 17-30 W. 119 feet from the northwestern corner of the intersection of Allison Street and Cannon Avenue), and runs thence with Bratton's line S. 71-56 W. 121.91 feet to an iron stake in the line of Wadsworth Addition; thence with Wadsworth's Addition's line N. 15-29 W. 63.1 feet to an iron stake, Allie K. Currin corner; thence with his line N. 71-57 E. 119.7 feet to an iron stake on the western edge of Allison Street; thence with the western edge of Allison Street S. 17-30 E. 63 feet to the point

6

and place of BEGINNING, according to a survey by Walter L. Furr, Jr., dated December 2, 1988.

3. <u>264 Lincoln Street, SW, Concord, North Carolina, 28025</u>

All right, title, and interest in and to that certain tract or parcel of land known as 264 Lincoln Street, SW, Concord, North Carolina, 28025, in the City of Concord, No. 12 Township, Cabarrus County, North Carolina, with all appurtenances and improvements thereon, owned of record by Sabine Thaller, as nominee for MICHAEL DANIEL THALLER, pursuant to a deed recorded at Book 12348, Page 148 of the Cabarrus County Registry, and more particularly described as follows:

> LYING and being in Ward No. 4 of the City of Concord, and being Lot No. 69 of COLESBURG as surveyed and platted by Q.E. Smith, a copy of which is on file in the Office of the Register of Deeds for Cabarrus County, North Carolina in Map Book No. 1, page 18 and described as follows:
>
> BEGINNING at a stake on the west side of Lincoln Street, a corner of Lot No. 70, and running thence with the line of Lot No. 76, N. 82 ¾ W. 259 feet to an iron stake on the Mahan line, a corner of Lot No. 70; thence with the Mahan line, N. 1 ½ E. 50.2 feet to a stake, a corner of Lot No. 68; thence with the line of Lot No. 68, S. 83 ¾ W. 263 ½ feet to a stake, a corner of Lot No. 68 on the West side of Lincoln Street; thence with Lincoln Street, S. 3 ½ W. 50 feet to the BEGINNING
>
> LESS AND EXCEPTING from the above parcel, the property conveyed to Grant G. Gamble and wife Mary Gamble to James V. Alexander and wife, Virginia Brown Alexander by deed dated September 14, 1954 and recorded in Book 257, page 188, Cabarrus County Registry.

7

4. <u>183 Mahan Street, SW, Concord, North Carolina, 28025</u>

All right, title, and interest in and to that certain tract or parcel of land known as 183 Mahan Street, SW, Concord, North Carolina, 28025, in the City of Concord, No. 12 Township, Cabarrus County, North Carolina, with all appurtenances and improvements thereon, owned of record by Sabine Thaller, nominee for MICHAEL DANIEL THALLER, pursuant to a deed recorded at Book 12348, Page 152 of the Cabarrus County Registry, and more particularly described as follows:

> LYING and being in Ward No. 4 of the City of Concord, NC, on the East side of Mahan Street, adjoining the property of Archibald and Coleman, and described as follows:
>
> BEGINNING at an iron stake in the east edge of Mahan Street (said iron stake being 60 feet from the Southwest corner of the Wilson Bost Lot on the East side of Mahan Street) and running thence with Mahan Street S. 1 W. 60 feet to an iron stake, Archibald's corner; thence with Archibald's line N. 85-45 E. 100 feet to an iron stake in Coleman's line; thence with Coleman's line N. 1 E. 60 feet to an iron stake; thence S. 85-45 W. 100 feet to the BEGINNING and is the property conveyed by Trustees of Christian Disciple Church of Concord, N.C. to Moses Parks by deed dated May 15, 1952 and recorded in Record of Deeds No. 242, Page 101.
>
> Being the same property conveyed by deed dated October 27, 1956 from Moses Parks to Chinnetter M. Means as recorded in Book 274, Page 229 of the Cabarrus County Register of Deeds Office.
>
> The purpose of this deed is to transfer the interest of Bertha Price in said property as tenant in common with Chinnetter M. Means as Grantee to have and hold in fee simple absolute to the exclusion of the Grantor, Bertha Price.

The defendant, MICHAEL DANIEL THALLER, acknowledges that he is the sole owner of the foregoing property and that the foregoing property constitutes proceeds of the offenses to which he is pleading guilty and is therefore subject to forfeiture.

  b. The defendant, MICHAEL DANIEL THALLER, agrees to take all steps as requested by the government to pass clear title of any assets subject to forfeiture to the United States, including but not limited to surrender of title and execution of documents necessary to transfer his interests in such property. The defendant further agrees to take necessary steps to insure that assets which may be subject to forfeiture, including substitute assets, are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture, and to testify truthfully in any judicial forfeiture proceeding.

  c. The defendant, MICHAEL DANIEL THALLER, further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the

judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted

  d. The defendant, MICHAEL DANIEL THALLER, knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution.

  e. The defendant, MICHAEL DANIEL THALLER, knowingly and voluntarily agrees and understands the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

  f. The defendant, MICHAEL DANIEL THALLER, agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal

10

Case 1:20-cr-00053-NCT   Document 2   Filed 02/24/20   Page 10 of 13

conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the forfeiture, including any money judgment amount, is collected in full.

7. The defendant, MICHAEL DANIEL THALLER, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. The defendant, MICHAEL DANIEL THALLER, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

9. It is further understood that the United States and the defendant, MICHAEL DANIEL THALLER, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

11

10. The defendant, MICHAEL DANIEL THALLER, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

11. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set

forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 24th day of February, 2020.

MATTHEW G.T. MARTIN
United States Attorney

SAMUEL J. RANDALL, IV
Attorney for Defendant

NICOLE R. DUPRE
NCSB # 41214
Assistant United States Attorney

MICHAEL DANIEL THALLER
Defendant

101 S. Edgeworth St.,
4th Floor
Greensboro, NC  27402

336/333-5351

13